Irving H. Saypol, J.
The defendants Unger, Freed, Tofel, Nicely and Ebbott move for an order dismissing the complaint, pursuant to section 61 of the General Corporation Law and for failure to state facts sufficient to constitute a cause of action, and in any event, striking from the complaint those allegations relating to transactions not shown to have occurred prior to the time when plaintiff became a stockholder, and striking out in addition paragraph fifth (e), pursuant to rule 103 of the Rules of Civil Practice. By separate motion the defendant H. L. Green Company, Inc., moves for an order dismissing the complaint pursuant to section 61 of the General Corporation Law and for failure to state facts sufficient to constitute a cause of action, *556 and in any event striking out from the complaint all allegations relating to transactions which took place prior to the time plaintiff became a stockholder. By further separate motion the defendant Joseph d’Assern moves for an order, pursuant to rule 106 and subdivision 8 of rule 107 of the Buies of Civil Practice, dismissing the complaint pursuant to section 61 of the General Corporation Law, and for failure to state facts sufficient to constitute a cause of action, that the purported cause did not accrue against the moving defendant becanse of his resignation as director of the board of H. L. Green Company, Inc., and in any event striking out from the complaint all allegations relating to transactions occurring prior to the time when the plaintiff became a stockholder.
The defendant H. L. Green Company, Inc., acquired The Olen Company, Inc., by merger which became effective as of October 31, 1958. This transaction is referred to in the complaint at length as background material only, it appearing that The Olen Company had practiced fraud upon H. L. Green Company, Inc., which benefited Mr. Olen, Olen’s dominant figure.
Plaintiff acquired his stock beginning on June 10, 1959. He does not complain of the merger transaction, but, rather, of the settlement effected subsequently of a suit brought by the corporation against Olen. He alleges specifically that insofar as the allegations refer to periods of time prior to the election of three of the named defendant directors in June, 1959, those defendants are intended to be excluded from such allegations, and insofar as the allegations refer to periods after the resignation in December, 1959, of the moving defendant director d’Assern, he is intended to be excluded from such allegations.
To support the complaint the plaintiff argues that the settlement is invalid, fraudulent and unfair, accomplishing the loss of a large block of stock, to which the company had a valid claim, for an inconsiderable cash payment, release of Olen and recognition by the board of the fraudulent transferees of the stock. Attack on this settlement is the object, and the only object of the suit, and accordingly a complaint directed to the conduct of litigation and its settlement cannot be judged without the facts out of which the litigation and settlement arose and without a statement of the conflicting interests of the defendants and their motivation to avoid scrutiny of a merger mishandled by them, a settlement effected without public knowledge and again mishandled by them.
For the purpose of this motion,. of course, the truth of the charge must be assumed that Olen had defrauded and cheated *557 Green, to the latter’s damage, and the litigation and ensuing settlement were also fraudulent.
It is a fact that a plaintiff stockholder can sue directors for looking the other way and doing nothing with respect to wrongful conduct on the part of other directors and officers, and such status should be accorded to plaintiff in reference to the alleged misconduct occurring after acquisition of his stock. The coverup of the original wrong is a new and independent wrong. Settlements are not necessarily binding on nonparticipating stockholders in the action resulting in the settlement, and no reason appears why complaint thereof should be barred to this plaintiff, whose investment is substantial and made with the reasonably inferred expectation that restitution would not be enforced by what resulted, as alleged, in fraudulent concealment. Once it is undertaken to attack the original wrongs done and the offending directors again offend by a claimed fraudulent settlement, the matter is reopened. Thus, as alleged, action was taken by the directors which did not protect the corporation with respect to the original wrong and restoration of the loss and redress of the damage.
Accordingly, the relief requested pursuant to section 61 of the General Corporation Law is denied.
The allegations of the complaint are not at all conclusory and there are ample factual allegations to support the claim that the corporation action was brought with the purpose to conceal the original wrong, to minimize it, to arrange continuing control, and was otherwise fraudulent and negligent.
The allegations of paragraph third of the complaint sufficiently answer the contentions that allegations of transactions prior to June 10, 1959 should be stricken out. In addition, they constitute essential background material.
As to the defendant d’Assern, he resigned as director on December 8,1959 and the settlement was concluded on December 1, 1959, and his application for dismissal as to him is denied. Obviously, any conspiratorial action on the part of all of the defendants with respect to the action and settlement concluded on December 1,1959 could well embrace d’Assern, who resigned eight days thereafter.
The allegations of paragraph fifth (e) are not objectionable. The motions are denied accordingly.